UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOANNA ZHAO, et al., <br><br>　　　　Plaintiffs, <br><br>　v. <br><br>COSTCO WHOLESALE CORPORATION, <br><br>　　　　Defendant. | Case No.　5:24-cv-07551-EJD <br><br>**ORDER GRANTING MOTION TO REMAND** <br><br>Re: Dkt. No. 8 |

　　　　Before the Court is Plaintiffs Joanna Zhao and Ronald Zaidman's ("Plaintiffs") motion to remand their California tort case back to state court following Defendant Costco Wholesale Corporation's ("Costco") removal to this Court.  Mot., ECF No. 8; Opp'n, ECF No. 18; Reply, ECF No. 19.  After carefully reviewing the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Local Rule 7-1(b).

　　　　For the reasons stated below, the Court **GRANTS** Plaintiffs' motion to remand.

**I.　BACKGROUND**

　　　　Plaintiffs commenced this action on June 10, 2024, in the Superior Court of California, County of Santa Cruz.  Notice of Removal, ECF No. 1.  Plaintiffs served the complaint and summons on Defendant on September 24, 2024.  *Id.* at 2:19–20.  The complaint erroneously named the defendant as "Costco Wholesale Membership" rather than "Costco Wholesale Corporation."  *Id.*  On October 23, 2024, Costco's counsel contacted Plaintiffs' counsel to request an extension of time to respond to the complaint and inform Plaintiffs of their error.  *Id.* Plaintiffs' counsel agreed to a 30-day extension to file a responsive pleading, and the parties discussed procedures for correcting Costco's name in the complaint.  Defendant claims that it

Case No.: 5:24-cv-07551-EJD
ORDER GRANTING MOTION TO REMAND
1

1  believed Plaintiffs also agreed to a 30-day extension to file for removal. Plaintiffs contend that it

2  never consented to removal or to extending the deadline for Defendant to file for removal. On

3  October 31, 2024, Defendant filed an Answer and Notice of Removal to this Court.

4      On November 7, 2024, Judge Cousins issued an order to show cause regarding the

5  timeliness of removal. The case was subsequently transferred to the Undersigned. The parties

6  responded to Judge Cousins's order, and Plaintiffs' motion to remand followed soon after.

## II.    LEGAL STANDARD

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* § 1446(b)(1).

The party seeking removal bears the burden of establishing jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The Court strictly construes the removal statute against removal jurisdiction. *Id.* Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). Indeed, federal courts are "particularly skeptical of cases removed from state court." *Warner v. Select Portfolio Servicing*, 193 F. Supp. 3d 1132, 1134 (C.D. Cal. 2016) (citing *Gaus*, 980 F.2d at 566).

## III.    DISCUSSION

After receiving notice of this action on September 24, 2024, Defendant's deadline to file a notice of removal was October 24, 2024. Defendant filed its notice of removal on October 31, 2024. Defendant argues that its untimely notice of removal should be excused because the summons and complaint it received misstated Defendant's name, and the parties stipulated to a 30-day extension of Defendant's deadline to file a notice of removal. The Court will address each in turn.

Case No.: 5:24-cv-07551-EJD
ORDER GRANTING MOTION TO REMAND

### A. Service

First, Defendant argues that the period for removal has not commenced because Plaintiffs improperly served Defendant using the wrong name—the complaint lists "Costco Wholesale Membership" as the defendant rather than "Costco Wholesale Corporation."

It is not uncommon is cases against corporations for a plaintiff to make a mistake naming the defendant corporation. In these cases, so long as the intended defendant received notice and was not mislead, courts generally treat such mistakes as harmless misnomers. *See, e.g., Billings v. Edwards*, 91 Cal.App.3d 826, 831 (1979); *Plumlee v. Poag*, 150 Cal.App.3d 541, 547 (1984); *Wilder v. Stearns Lending, Inc.*, No. CV 13-02369 MMM (CWX), 2013 WL 12638493, at *15 (C.D. Cal. Nov. 25, 2013). This is consistent with California's long established rule that, even when there is a misnomer in a defendant's name, a court acquires jurisdiction over the defendant when the defendant's agent receives the summons and knows the contents of the complaint. *See, e.g., Hernandez v. YP Advert. & Publ'g LLC*, No. CV169612FMOAJWX, 2017 WL 1536151, at *2 (C.D. Cal. Apr. 26, 2017) (collecting cases) (citing *Thompson v. S. Pac. Co.*, 180 Cal. 730, 734 (1919); *Stephens v. Berry*, 249 Cal.App.2d 474, 478 (1967); *Canifax v. Hercules Powder Co.*, 237 Cal.App.2d 44, 58 (1965)).

Here, though Plaintiffs typed "Membership" instead of "Corporation," Defendant had otherwise been properly served, and its counsel moved forward with the understanding that "Costco Warehouse Corporation" was the intended defendant. Defendant's counsel himself informed Plaintiffs "that the correct defendant entity for this lawsuit is 'Costco Wholesale Corporation.'" ECF No. 1-1. Defendant's request to extend the responsive pleadings deadline, despite the misnomer, also demonstrates that Defendant knew it was the intended defendant and was cognizant of its obligations in this case.

The Court therefore finds that the period for removal began the day Defendant received notice of this action, September 24, 2024.

### B. Stipulation

Next, Defendant argues that its notice of removal is timely because Plaintiffs consented to

Case No.: 5:24-cv-07551-EJD
ORDER GRANTING MOTION TO REMAND

3

a 30-day extension during a meet and confer phone call on October 23, 2024.  Plaintiffs contend that they did not, and would not have, stipulated to extending the deadline for Defendant to file a notice of removal.  Instead, Plaintiffs understood the agreement to provide Defendant a 30-day extension to file responsive pleadings, not a notice of removal.

The Court finds no evidence that Plaintiffs consented to extending the deadline for Defendant's notice of removal.  Plaintiffs state that Defendant never raised a request to continue its removal deadline in their October 23, 2024, conversation, and this is not contradicted by Defendant's account.  While Defendant claims that it informed Plaintiff of its intent to file a notice of removal and Plaintiffs did not object, Plaintiffs' lack of affirmative objection does not constitute an agreement to extend the deadline to file a notice of removal.  The parties' lack of agreement regarding removal is further evident from Defendant's email following the phone call, which clearly states that Plaintiffs "graciously granted a 30 day extension for Defendant's responsive pleadings," with no mention of removal.  ECF No. 1-1.  As Judge Cousins noted in his order to show cause, responsive pleadings do not include a notice of removal.  *See* Fed. R. Civ. P. 7(a).

Therefore, the Court finds that Defendant's untimely notice of removal is not justified by the misnomer in the complaint or the parties' stipulation.  Accordingly, the Court **GRANTS** Plaintiffs' motion for remand.

### IV. CONCLUSION

Based on the foregoing, Plaintiffs' motion to remand is **GRANTED**. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

Dated: February 14, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 5:24-cv-07551-EJD
ORDER GRANTING MOTION TO REMAND
4